## SUPREME COURT.

### CATHARINE HAROLD agt. JOHN HEFFERMAN.

An *order to show cause*, why an *injunction* should not be continued previously granted preliminarily, is properly made returnable before the same judge who granted the preliminary injunction, although the action be triable in another county, and in another judicial district from that in which the judge resides.

An *injunction* is nothing but an *order*—made so by the Code—and remains an order of a judge made out of court, like an order to stay proceedings for a motion—an order to extend time to answer, or make a case, or serve a pleading, &c., which are mere chamber orders granted by judges out of court, until it is expressly continued or dissolved, by an order of the judge or court upon a hearing of the parties, so as to give the injured party the right of appeal to the general term.

These orders to show cause, *county judges* may grant, returnable before themselves, as well as the judges of this court at chambers.

*Rochester, December* 18, 1871.

*Before* E. DARWIN SMITH, *J., at Chambers.*

AN order for the defendant to show· cause why an injunction should not be continued, granted preliminarily on the 9th instant, being returnable this day—and it appearing, that the action was triable in the county of Niagara, in the eighth judicial district, and the order to show cause was granted at Rochester, the place of residence of the justice, &c., in the seventh judicial district, it was moved, that said injunction order be discharged for irregularity.

GEO. D. LAMONT, *for Defendant.*

I. N. POMEROY, *for plaintiff.*

E. DARWIN SMITH, J.—The application to discharge the order, to show cause, &c., in this case, is based upon the 4th subdivision of section 401 of the Code—which provides, that "motions upon notice must be made within the district

in which the action is triable, or in a county adjoining that in which it is triable, except in the first district," &c.  It is urged, that an order to show cause is equivalent to a notice of a motion, and that the application for an injunction upon an order to show cause is, therefore, a special motion, which must be made within the district where the action is triable.

This would, doubtless, be so, if an injunction order in the first instance, was in effect, a rule of court from which an appeal would lie.  But, I think, such is not the case.  By section 218 of the Code, the writ of injunction as a provisional remedy is abolished and an injunction by order is substituted."

This order, like an order to extend time to answer or to plead, or to stay proceedings till a motion to the court could be made for some relief, was always granted *ex parte*, or might be, before the adoption of the new rule No. 94, which requires, that where the injunction is granted *ex parte* it shall contain an order to show cause on some day within ten days, why such orders should not be continued.

The effect of this new rule is, to limit the power of the judge authorized to grant injunctions, so that such injunctions, cannot be granted to have effect upon an *ex parte* order for a longer period than ten days, and makes it necssary to give the defendant in all cases where such an injunction is granted *ex parte*, an opportunity to be heard in opposition to it before it can be made absolute or be continued for a period longer than ten days in conformity in effect with section 223 of the Code.

Under subdivision 3 of section 401 of the Code, orders made out of court without notice, may be made by any judge of the court in any part of the state, and they may also be made by a county judge of the county where the action is triable, or by the county judge of the county in which the attorney for the moving party resides, except to stay proceedings after verdict.

If it be held, that the order to show cause prescribed by rule 94, must be made returnable in court, before a judge of the court, it necessarily follows, that county judges cannot grant injunctions at all, or else they must be allowed to make orders returnable before the court, when the action is pending in the supreme court.

This would, conflict with rule 46, which prescribed, that an order to show cause, shall be returnable only before the judge who granted it, or at a special term to be held in the district in which such judge resides. Under this rule, it has uniformaly been held, that county judges could not make orders returnable in the supreme court. Such orders, I think, have been generally held irregular and disregarded. It follows upon this construction, that if the order to show cause contained in an injunction order must be returnable before the court, as upon ordinary special motions, then this new rule takes away from county judges, a power clearly conferred by subdivision 4 of section 401 of the Code, and also expressly confirmed by section 218.

I think, the rule cannot, and should not have such construction, it was never intended to effect any such result, if the judges making the rules of court had any such power, which, I think, they never claimed or intended to assert.

This consequence is avoided and all the provisions of the Code and of the rules of court relating to the subject reconciled by holding, as I think, is the law of the case, that an injunction is nothing but an order, and remains an order of a judge made out of court, like an order to stay proceedings for a motion, an order to extend time to answer or make a case or serve a pleading, and many other mere chamber orders granted by judges out of court, until it is expressly continued or dissolved, by order of the judge or court upon a hearing of the parties so as to give to the injured party the right of appeal to the general term.

This rule was designed to remedy the mischief resulting from improvident injunction orders granted, as was doubtless

sometimes the case, incautiously and upon partial statements of the case—by giving to defendants a speedy opportunity to be heard upon the merits of the case, and to oppose the continuance of such injunction. It is a very wise and salutary rule, and will doubtless prevent much injustice and wrong. No injunction order under this rule is to be deemed fully granted, so as to make it necessary or proper to move the court for its dissolution, until the officer making the preliminary order has heard, the parties upon the return of the order to show cause, and continued, or denied the injunction. This order, county judges may grant returnable before themselves, I think, as well as the judges of this court at chambers, and section 223 of the Code expressly gives them such power in respect to injunctions. Any order that a county judge is authorized to grant as a judge of this court out of court *ex parte*—he may certainly grant upon a hearing of the parties, and is as fully authorized to hear the parties upon the merits, upon an order or notice for that purpose, as a judge of this court at chambers. And this rule must apply to injunction orders as much as to orders to stay proceedings or any other of the class of orders known and distinguished as chamber orders.

It follows, that the injunction order in this case, was properly granted, and the application to discharge the same, must be denied.