Learned, J.
An injunction order was granted by a county judge ex parte, containing a clause requiring the defendants to show cause before him at a certain *271 day, why the injunction order should not be continued. On the return day, upon reading the original and opposing affidavits, and upon hearing counsel for both parties, the county judge made on order continuing the inj unction.
'The defendants move to vacate.
It is beyond dispute, that a county judge has no jurisdiction to hear and decide a contested motion in the supreme court; and that his power extends only to such orders as are made out of court and without notice (Parmenter v. Roth, 9 Abb. Pr. N. S., 385; Rogers v. McElhone, 12 Abb, Pr., 292). An order to show cause, is equivalent to a notice of motion {Ib.).
In the case of Town of Rochester v. R. & O. R. R. Co. (p. 276 of this vol.), I had occasion to inquire whether this decision of the court of appeals included injunction orders and motions on notice for such orders; or whether, on the contrary, a county judge has, in respect to those orders, a power which he has not in respect to orders of less consequence. I became satisfied that the decision above mentioned, applies to injunction orders as well as to others. An injunction is now an order, not a writ (§§ 218, 400). And an application for an order is.a motion (§ 401). This decision of the court of appeals is in harmony, not only with the general provisions as to the powers of a county judge, but also with the special provisions as to injunction orders (§§ 218, 223, 225). And in the present case, there can be no doubt that, on the return day, the county judge heard and decided a contested special motion. The parties on both sides appeared by counsel, read affidavits, and were heard for and against the order.
My attention, however, is called to the case of Harold v. Hefferman (42 How. Pr., 241), in which it is said: “Any order that a county judge is authorized to grant as a judge of this court, out of court, ex-parte, *272 he may certainly grant upon a hearing of the parties, and is as fully authorized to hear the parties upon the merits upon an order, or notice. for that purpose, as a judge of this court at chambers. • And this rule must apply to injunction orders as. much as to orders to stay proceedings or any other of the class of orders known ¿nd distinguished as chamber orders.” It will be seen, in that case, that the learned judge places injunction orders on the same footing as other orders; with which view I agree. He does not attempt to show that there is a distinction between an injunction order and any other; as was claimed by the plaintiffs in the case of Middletown v. R. & O. R. R. Co. But he says that a county judge may grant, upon a hearing of the parties, any order which he is authorized to grant exparte. This remark appears to be in conflict with the case of Parmenter v. Roth, above cited. The court there lay down the doctrine that a county judge can grant no order upon a hearing of the parties ; that his power is limited to a class of orders which may be made without notice, and where the judge is willing to grant the order without notice ; that where the judge requires notice of motion to be given, or grants an order to show cause, the application becomes a special motion, and can be heard and decided only by a judge of the court in which the action is pending. Following this decision, therefore, and agreeing with the case of Harold v. Hefferman, in applying to injunction orders the same rule as to orders to stay proceedings and the like, I must hold that a county judge has no jurisdiction to hear and decide a contested motion for an injunction order. The order in this case, made on the return day by the county judge was, therefore, void, and must be vacated. The pending order falls with it. -
The decision in Parmenter v. Roth undoubtedly makes some difficulty in harmonizing rules 46 and 94 *273 of the supreme court, and section 401, subdivision 4 of the Code. But as that decision is an authoritative construction of the Code, to the effect that a county judge has no jurisdiction to hear a motion or notice, or on the return of an order to show cause, the rules, must accommodate themselves to it, as best they may. They cannot confer a jurisdiction which the highest tribunal of the State has declared does not exist.
Motion granted.